CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 01 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **GORDON S. STATON,** | ) | **CASE NO. 7:14CV00622** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | |
| **ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendants.** | ) | |

Gordon Scott Staton, a Virginia inmate proceeding pro se, filed this complaint against the Commonwealth of Virginia, "U.Va. Police Department," District 9 Probation & Parole, and Department of Corrections, alleging that he should be compensated for being wrongfully arrested and detained for nine days in May 2013 on a defective parole violation warrant that was later dismissed. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

It is well settled that a state, such as the Commonwealth of Virginia, cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule also

applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. Because the other entities Staton sues are properly considered "arms" of the Commonwealth of Virginia, they cannot be sued under § 1983. Thus, none of the entities Staton sues are subject to suit under § 1983. Accordingly, the court will summarily dismiss this action without prejudice under § 1915A(b)(2).[1]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _26th_ day of November, 2014.

_[signature]_

Chief United States District Judge

---

[1] In any event, Staton's allegations do not indicate that he has an actionable claim under § 1983 against any official for knowingly violating his constitutional rights. At the most, he alleges that officials were negligent in their preparation and execution of the warrant. Such allegations of official negligence do not support a constitutional claim as required to proceed under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). Moreover, Staton's allegations do not reflect that anyone deprived him of the procedural protections to which he was constitutionally entitled after being charged with a probation or parole violation. Rather, it appears that because of the due process provided to him, the court dismissed the warrant and found his probation obligation to be fulfilled.

2